# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0694, <u>In the Matter of Sonja Witkowski and Erik Harrsen</u>, the court on June 22, 2020, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Erik Harrsen (husband), appeals a final decree of the Circuit Court (<u>Chabot</u>, J.) in his divorce from the petitioner, Sonja Witkowski (wife). Specifically, he challenges a provision of the decree that requires him to deliver a certain motor vehicle to the wife, arguing that: (1) the vehicle was sold to a corporation bearing his name, with the wife's approval, prior to the divorce decree; (2) the corporation lacks the money necessary to transport the vehicle to the wife; (3) the vehicle's location is "unknown"; and (4) the order to deliver the vehicle to the wife should have been directed to the corporation.

It is a long-standing rule that parties may not have judicial review of issues they did not raise in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). The husband has the burden on appeal to provide a record that is sufficient to decide the issues he is raising and to demonstrate that he raised those issues in the trial court. <u>Id</u>.; <u>see</u> <u>Sup. Ct. R.</u> 15(3) (if appealing party intends to argue that a ruling is unsupported by or contrary to the evidence, the party shall include a transcript of all evidence relevant to such ruling). Absent a transcript, we assume the evidence was sufficient to support the result reached by the trial court. <u>Bean</u>, 151 N.H. at 250. These rules are not relaxed for self-represented parties. <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56-57 (2006).

In this case, the husband has not supplied a transcript of the hearing before the trial court. Thus, we cannot determine what evidence was offered or what arguments were raised. <u>See</u> <u>Bean</u>, 151 N.H. at 250. Accordingly, we assume that the evidence was sufficient to support the trial court's determination. <u>Id</u>. We review the trial court's order for errors of law only, <u>see</u>

<u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997), and find none.  In light of this order, the wife's request that we dismiss the appeal is moot.

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**